*28 Opinion op the Court,
by Judge Owsley.
THIS was a suit in chancery, brought in the circuit court by Patsey Hamilton, the widow of John Hamilton, deceased, and John F. Hamilton, the only child of the said deceased, John Hamilton, an infant, by John *29 Gaines, his next friend and guardian, against George Hamilton, the father and administrator of the said John Hamilton, deceased.
The bill charges that the said John in his lifetime, under a parol gift from his father, entered upon and expended large sums of money in improving a tract of land, which, since his death, his father has refused to convey to his heir, and has actually taken the same, with its improvements, into his possession and enjoyment; and that as the administrator of the estate, the father has received into his possession, personal property to a large amount, and refuses to account therefor, or for the value of the improvements made by his son upon the land, &c.
The bill asks a decree to compel the father to account for the improvements and the personal estate, &c. The answer of the father denies having ever given the land to the son, relies upon a settlement which he has made with ihe county court, contends that he is not responsible for the improvements made by his son upon the land, and insists that the bill of the complainants should be dismissed, &c.
The court below were of opinion that the father was liable for the improvements made upon the land by the son, and pronounced a decree in favor of the complainants, for two hundred and three dollars and ten cents, being the residue, which, in the opinion of the court, was due from the father for the personal estate received by him as administrator, and the improvements, after crediting him with one year’s rent, the time the land was possessed by the spn, and after crediting him with all sums in his administration account, that were supposed to be sufficiently established by evidence, &c.
To reverse that decree, the cause has been brought before this court by the father and administrator.
The father has unquestionably no cause to complain of the decree, so far as it goes to make him account for the improvements made upon the land. The evidence is entirely satisfactory to prove that the father had virtually given the land to the son, and under an honest conviction that the title would never again be asserted by the father, the improvement were made by the son. It would, therefore, be palpably unjust and iniquious to permit the father to enjoy the land in its ameliorated condition, without making him account to the re *30 presentatives of the son, for the money expended ar.d ^a^or bestowed by the son in the improvements.
And with respect to the amount decreed, no error to' the prejudice of the father is perceived. The father has received a credit for the rent of the land whilst it was possessed by the son, and the amount decreed is not greater than from the evidence he is proved to be accountable for, after giving him every credit to which he is entitled. It is true, the amount decreed is greater than appears to be due the complainants in the court below from the report of the last commissioners who were appointed by the court. But that report contains credits in favor of the father, for the rent of the land after the decease of the son, and for other charges unsupported by the evidence in the cause; and surely it cannot have been incorrect in the court to reject all such credits and charges in pronouncing its final decree. The court might no doubt have again referred the accounts to be adjusted by commissioners, at the same time instructing them as to the credits and charges which were to be given or disallowed, and have delayed its final decree until a report was made; but it was equally competent for the court to take upon itself the burthen of examining the accounts, without the aid of any further report from the commissioners, and as it has done so, and the result accords with what we understand from the evidence to be the justice of the case, the decree ought not to be disturbed on account of its not corresponding in amount with the sum reported by the commissioners.
The decree must be affirmed with costs.